IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GLEN W. EASLEY                                                PLAINTIFF

v.                  Civil No. 04-6129

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                  DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

      Glen Easley, the plaintiff in this case, has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying his applications for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

      Both parties have filed appeal briefs (Doc. #8 & 9). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

      The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted here except as necessary. However, it should be noted additional evidence was submitted for consideration by the Appeals Council, after the date of the administrative hearing and the issuance of the ALJ decision (T. 382-385). It appears that this evidence includes: records from Dr. John Balay for the period beginning on March 19, 2004 and ending May 27, 2004. Although the Appeals Council considered the evidence, it denied the plaintiff's request for review of the hearing decision. In addition, additional evidence was submitted to the Appeals Council on or about August 25, 2004, the day of or after

the Appeals Council denied the plaintiff's request for review of the hearing decision (T. 415-471). It appears that this additional evidence and the Appeals Council Order crossed in the mail, nonetheless, the Appeals Council considered the evidence, and made the evidence and its letter dated January 12, 2005, a part of a supplemental transcript filed with the court (T. 413). The most recently submitted additional evidence consists of records from Schuck Chiropractic which appear to be duplicates of records contained in the original transcript (T. 418-423, 372-378); and, new evidence from the Veterans Hospital, beginning February 2, 2004 and ending July 6, 2004 (T. 424-471). Ultimately, on January 12, 2005, the Appeals Council considered the additional evidence, but concluded that the evidence did not provide a basis for changing the ALJ's decision (T. 413).

Plaintiff was 42 years of age at the time of the administrative hearing and has a high school education and training as a data processor (T. 389-390). He has worked in the past as an air force mechanic, in pest control and as video rental clerk/cashier (T. 159-162391, 267). He claims disability due to: depression/anxiety; degenerative disc disease; borderline intellectual functioning (hereinafter "BIF"); degenerative arthritis of the right knee; headaches; gastroesophageal reflux disease (hereinafter "GERD"); gout; hypertension; deficiencies in memory and concentration; and insomnia/fatigue. He filed his application on September 17, 1998 (T. 103-108).

The plaintiff was allowed disability benefits under the Act on December 2, 1998, due to bipolar disorder and panic disorder with agoraphobia. When his medical re-examination review was performed, it was determined that his condition had improved medically and that he has the ability to perform semi-skilled work (T. 63). Plaintiff appealed that decision, and requested an

AO72A
(Rev. 8/82)

administrative hearing, which hearing was held on January 14, 2004 (T. 388-412), after which the ALJ issued an unfavorable decision dated May 25, 2004 (T. 33-45). Because the Appeals Council's decisions made the ALJ's decision the final decision of the Commissioner, plaintiff appealed that decision to the undersigned, and this matter is ready for consideration.

In his written decision, the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the onset date for disability associated with his application or, December 29, 1997 (T. 43). Further, the ALJ found that at the time of the comparison point decision, the medical evidence establishes that plaintiff has severe physical and mental impairments, as follows: some limitation of motion status postop, lumbar 4-5 microdiscectomy with removal of herniated disc; major depressive disorder, recurrent, severe; mood disorder ; and, BIF. However, the ALJ also found that plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4 (T. 43). Finding further, the ALJ determined that there has been medical improvement in plaintiff's condition, such improvement is related to the plaintiff's ability to work and that he would only be limited to unskilled sedentary work (T. 43). It was determined that plaintiff's subjective complaints and alleged nonexertional limitations are not totally credible. The ALJ concluded that the plaintiff is physically limited in his ability to: lift no more than 10 pounds at a time and occasionally lift or carry articles like docket files, ledgers and small tools; stand and walk with normal breaks for a total of 2 hours in an 8-hour work day; and sit with normal breaks for a total of 6 hours in an 8-hour work day (SSR 96-8p). In addition, the plaintiff would be limited to "occasionally" stooping, crouching, kneeling, crawling, would be restricted from walking up and down stairs, and due to a partial amputation

-3-

of his left index finger, would have a problem with fine manipulation with the left, his non-dominant hand (T. 44).

With respect to plaintiff's asserted mental limitations, the ALJ found:

> Despite his mental limitations including anxiety and nerves, the claimant remains able to perform work where: interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, involves few variables and requires little independent judgment; [and,] the supervision required is simple, direct and concrete. Basically, this constitutes unskilled work (SSR 96-8p).

(T. 44). Thus, the ALJ found the plaintiff retains the residual functional capacity (hereinafter "RFC"), for unskilled, sedentary work. Based upon vocation expert (hereinafter "VE") testimony, the ALJ determined that a significant number of jobs exist in the economy which plaintiff remains capable of performing, for example: document preparer; call out operator; and, order clerk-food and beverage (T. 44). Concluding, the ALJ decided that the plaintiff's disability had properly ceased in September 2002, as he was not under a "disability" as defined in the Act (T. 45).

It should be noted that whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

The Commissioner's decision denying benefits will be affirmed if it is supported by

AO72A
(Rev. 8/82)

substantial evidence on the record as a whole. See *Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir.1998); Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir.1991); 42 U.S.C. § 405(g)*. "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support [the Commissioner's] decision." *Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir.1998)*. In determining whether existing evidence is substantial, this court looks at both evidence that supports and evidence that detracts from the Commissioner's decision. See *id. at 1207;* see also *Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir.1999)*.

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala, 18 F.3d at 622*. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 *F.3d 1210, 1213 (8th Cir.1993)*.

An individual is "disabled" under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

-5-

AO72A
(Rev. 8/82)

period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence to the Appeals Council complicates the analysis; thus, this court now turns to that additional evidence.

**Discussion:**

*20 C.F.R. § 404.970(b)* provides:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala, 52 F.3d 168, 171 (8th Cir.1995) (quoting Williams v. Sullivan, 905 F.2d 214, 216-17 (8th Cir.1990))*. To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams v. Sullivan, 905 F.2d at 216* (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,*

-6-

*122 F.3d 1148, 1154 (8th Cir.1997)* (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application); *Williams v. Sullivan, 905 F.2d at 216* (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time). Further, there must be a reasonable likelihood that it would have changed the determination. *Krogmeier v. Barnhart 294 F.3d 1019, 1025 (8th Cir.2002)*.

In the instant matter, the ALJ stated in his decision:

There is nothing in the evidential record or testimony which indicates that the claimant's mental impairment would significantly or adversely affect his ability to perform basic work related activities. Accordingly, I find that he has a severe but non-disabling mental impairment. ...Furthermore, I specifically find that his mental impairment does not substantially diminish his ability to perform unskilled sedentary work activity (SSR 96-8p).

(T. 42). This statement is belied by the supplemented record (T. 424-471), which documents, among other facts, that plaintiff had a Global Assessment of Functioning (hereinafter "GAF"), of 21 when seen at the VA (T. 455, 460, 461, 465, 466). A GAF in this range indicates "behavior is considerably influenced by delusions or hallucinations OR serious impairment in communications or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day; no job, home, or friends). See *Diagnostic and Statistical Manual of Mental Disorders, p. 34 (4th Edition, Text Revision, 2000)*.

These records were not before the ALJ when he rendered his decision.

The record evidence before the ALJ contains allegations of depression/anxiety (T. 405-406, 76, 78, 196, 246, 267, 275, 347, 340, 348, 350, 351, 356, 357, 370, 368, 367, 366, 364,

373, 372, 381, 383). Additional evidence submitted to and considered by the Appeals Council is largely devoted to plaintiff's mental health treatment (T. 446, 447, 448, 450, 451, 454, 455, 459, 461, 465-466, 467, 468).

Thus, the ALJ's determination that plaintiff's asserted mental impairment is severe, but does not "substantially diminish his ability to perform unskilled sedentary work activity" (T. 42), is not supported by substantial evidence of record, in light of the additional medical evidence submitted to and considered by the Appeals Council. Such evidence must be evaluated by the undersigned. For this reason, this matter must be remanded for proper analysis of all of the evidence pertaining to plaintiff's alleged mental impairments. The undersigned finds there is a reasonable likelihood that the additional evidence would have changed the ALJ's determination. *Krogmeier v. Barnhart 294 F.3d at 1025.*

**Conclusion:**

Accordingly, the decision of the ALJ, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to and considered by the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner, for further consideration of the plaintiff's residual functional capacity, particularly in light of the additional evidence which is now a part of the administrative record.

ENTERED this 14th day of December, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)