IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GLEN EASLEY                                                                     PLAINTIFF

v.                      Civil No. 04-6129

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Glen Easley, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On December 14, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #10 & 11).

Plaintiff's attorney, Donald Pullen, filed an Application For Attorney's Fees Under *The Equal Access to Justice Act*, (hereinafter the "*EAJA*"), on December 16, 2005 (Doc. #12). The Commissioner responded on December 23, 2005 (Doc. #13). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA,* does not object to the hourly rate sought, and does not dispute the number of hours expended by counsel (Doc. #13, p. 1). The Court construes this lack of opposition to the award of a reasonable fee as an admission

that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984).*

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A).* Plaintiff's attorney requests an award under the *EAJA,* at the rate of $150.00

AO72A
(Rev. 8/82)

per hour for the 22 hours which he asserts were devoted to the representation of plaintiff in this Court. In support of his request for a higher hourly rate, he has alleged that the cost of living has increased, stating:

> The hourly rate was determined by measuring the cost of living adjustment from October 1981 (the effective date of EAJA) to December 16, 2005 (the time of preparation of the EAJA Application). The Consumer Price Index figure for all consumers in the Arkansas area for January 2005 is 190.3. This represents a 3.3% change increase in cost of living over a year ago.

(Doc. #12, attachment 1). Counsel has not, however, submitted the United States Department of Labor's Consumer Price Index, which, according to the United States Court of Appeals for the Eighth Circuit, "constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [the statutory cap]" *Johnson v. Sullivan, 919 F.2d 503, 504 (8th Cir.1990)* (citations omitted). Accordingly, we conclude that an award based upon an hourly rate of $125.00 per hour, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, we have reviewed counsel's itemization of time contained in his Declaration (Doc. #13, attachment #2). We note that the counsel seeks compensation for: one and three quarters of an hour (1.75) for work performed on September 21, 2004, in part, for preparing the Complaint, civil cover sheet and summon, as well as preparing certified copies and receipts for all defendants; one half (.5) hour for reviewing the standard Consent form, dictating a letter and signing and returning the form; one quarter (.25) hour on October 25,

2004, for reviewing the standard Order of Reference signed by the District Judge; one half (.5) hour on October 13, 2004 to prepare affidavits evidencing proof of service and filing the same; one half (.5) hour on December 3, 2004 to pull the file and check the Answer date, review the standard briefing schedule and calendar the same; Affidavit Evidencing Proof of Service and filing it with the clerk of the court, and on September 10, 2004, for pulling the file and checking the Answer date, and calendering the same; and, one quarter (.25) hour on December 16, 2004 for reviewing the undersigned's Order granting an extension of time, and calendaring the same. Work which could have been performed by support staff is not compensable under the *EAJA*. See *Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)*. Thus, one (3.75) hours of the time for which compensation is sought must be deducted. The remainder of the time asserted to be spent in representation of the plaintiff before the district court, is found to be reasonable. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 18.25 hours.

Accordingly, we find that counsel is entitled to compensation for 18.25 hours at the rate of $125.00 per hour for a total attorney's fee award of $2,281.25 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 13th day of January, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)